IN THE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARGARITA FONSECA-BERMUDEZ, * | |
|     Petitioner/Defendant. * | |
| v.                              * | Case No. 99-cr-256-01(PG) |
| UNITED STATES OF AMERICA,       * | |
|     Respondent/Plaintiff. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PETITIONER'S MOTION TO VISIT HER CASE IN LIGHT OF FANFAN & BOOKER'S RULING

Now Comes, Petitioner in the above styled case, a federal female prisoner, acting Pro-Se due to her poverty condition and with the help of another federal female prisoner Yraida Leonides Guanipa, hereby files this motion and respectfully request this Honorable court to grant this motion and issue a new judgment with a sentence reduction and in support she states as follows:

1. On Wednesday January 12, 2005, the United States Supreme Court issued its opinion in **United States v. Booker No. 04-104 and United States v. Fanfan Case No. 04-105**, which held that the Federal Sentencing Guidelines limits the severity of the sentence that a judge can lawfully impose on a defendant to the facts found by the jury at trial, The Supreme Court ruled in a 5-4 majority establishing the basic constitutional point that **Blakely v. Washingtn** applies to the Federal Sentencing Guidelines, holding that the Guidelines can no longer be applied mandatorily. The implication of the two opinions in **Booker/Fanfan** is that **Blakely** and the underlying constitutional ruling in **Aprendi v. New Jersey** applies, limiting judges from going beyond the facts found by juries in deciding whether to enhance additional years of imprisonmnet based upon discretionary factors not found by a jury but rather by the government, and or pre-sentence investigation and/or sentencing Judge. The court's **Booker & Fanfan** opinion basically held that Federal Sentencing Guidelines and decisions of Sentencing based on facts determined by Judges alone violated the Sixth Amendment's guarantee of a jury trial. The Sixth Amendment holding from the Stevens majority reaffirms the court's position that only juries can determine facts that increase sentences. The Court determine that in order to bring the Federal

Sentencing Guidelines in accordance with a defendant's Sixth Amendment rights, that the jury must determine each element that is crucial in determining the sentence to be imposed.

2. As reflected on petitioner's couurt's records, her sentence was enhanced based on her supervisor role, the evidence to support the enhancement was not on her indictment, neither on her plea agreement, the determination was based on prosecutor, probation and judge decision, and it was not presente to the defense.

3. Even thought **FanFan/Booker**'s ruling does not mention retroactivity, the court shall recall **Gideon v. Wainwright, 372 US 335(1963)** decision, which like **Fanfan/Booker** was a Sixth Amendment issue, the court did not have to state that the right to counsel challenge if indigent was retroactive. Note, however, that approximately 20,000 state and federal cases benefit from **Gideon**, which was applied upon petition retroactively.

4. The unconstitutionally of the Federal sentencing Guidelines was not available to petitioner at the time of her plea agreement, sentencing, direct appeal, nor collateral review; the Sixth Amendment issue has been raised however this is the fist time that the United States Supreme Court states that the Federal Sentencing Guidelines is unconstitutional, therefore Petitioner has shown that the new rule of constitutional law in **Fanfan/Booker** was

"previously unavailable". AEDPA's "previously unavailable" language echoes the Supreme Court's case law, which allowed "novel law" to establish "cause" for a procedural default only "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel". **Red v. Ross, 468 US 1,16(1984).**

5. petitioner agrees with Douglas Berman, professor of Law, he stated on his webside BLOG "retroactivity should not be a concern only for the courts. All branches of government pledge commitment to the U.S. Constitution, and thus, all branches of government should be concerned if a large number of defendants have been unconstitutionally sentenced. Indeed, I think executive and legislative officials, as well as, the U.S. Sentencing Commission have a constitutional responsability to at least consider possible remedies for already sentenced defendants who, because of retroactivity doctrines, may not get relief in the courts."

6. Existing precedent does not definitively answer whether the rule announced in **FanFan/Booker, Blakely and Aprendi**, because **Schiro v. Summerlin, 124 S.Ct. 2519(2004)** addressed only the allocation of factfinding responsibility between the judge and the jury. There is a second component to **Blakely/Booker** that **Schiro** did not address, namely, the facts used to enhance a sentence, if not admitted must

be proved beyond a reasonable doubt rather than by a preponderance of the evidence.

7. Furthermore, petitioner cooperated with the government, hoping for a Rule 35 sentence reduction and the government failed to acknowledge petitioner's cooperation, moreover petitioner's family conditions was not taking into consideration, Petitioner was the sole supporter of her children and mother, petitioner husband was killed; also petitioner's children are going thru a rough time now; her 15 years old daughter try to kill herself as an act of desesperation for being away from her mother (Hospital records available upon this court request).

Therefore, petitioner prays that this court grants this motion.

Respectfully submitted;

*Margarita Fonseca Bermudez*
Margarita Fonseca-Bermudez
Pro-Se

## CERTIFICATE OF SERVICE

I, margarita Fonseca-bermudez, certify under penalty of perjury that i timely filed the foregoing document: "Motion to Visit her Case in Light of Fanfan & Booker's Ruling"; to the clerk of the court by certified mail No.: **7000 1670 0010 9657 2401**, this March, 2005. A true and correct copy was mailed the same day by fist class pre-paid mail to the prosecutor's office at Puerto Rico.

Respectfully;

*Margarita Fonseca Bermudez*
Margarita Fonseca-Bermudez
Pro-Se